# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

JUDITH BENKERT, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

GCI SOLAR LLC, a California limited liability company,

      Defendant.

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Judith Benkert ("Benkert" or "Plaintiff Benkert") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant GCI Solar LLC ("GCI" or "Defendant") to: (1) stop its practice of placing calls using an "automatic telephone dialing system" to the cellular telephones of consumers nationwide without their prior express written consent, including to numbers registered on the National Do Not Call Registry; (2) enjoin Defendant from placing autodialed telephone calls to consumers who did not provide prior express written consent, and (3) obtain statutory damages for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.      This case challenges GCI's practice of serially calling consumers on their cellular telephones using an autodialer who have never given GCI express consent to be called. Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular

telephones without prior express written consent, including numbers registered on the National Do Not Call Registry, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. By making these autodialed calls, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, the loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, and in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans. Defendant made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

3. Defendant has also improperly failed to scrub its call lists, or to otherwise incorporate the National Do Not Call Registry, so as to avoid calling phone numbers that have been registered on the National Do Not Call Registry. Consumers are subjected to multiple unsolicited calls within the same 12-month period.

4. The TCPA was enacted to protect consumers from autodialed telephone calls like those alleged and described herein, as well as unsolicited calls to numbers that are registered with the National Do Not Call Registry. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief requiring Defendant to cease all autodialed telephone calling activities to cellular telephones without first obtaining prior express written consent and to cease from calling numbers that are registered on the National Do Not Call Registry, as well as an award of statutory damages to the members of the Classes under the TCPA, plus costs and reasonable attorney's fees.

## PARTIES

5. Plaintiff Benkert is a natural person and resides in Bayfield, La Plata County, Colorado.

6. Defendant GCI is a limited liability company with a principal place of business located at 15261 Connector Lane, Huntington Beach, California, 92649. Defendant conducts business throughout this District, the State of Colorado, and the United States.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. The Court also has jurisdiction under CAFA as the case is an alleged class action consisting of more than 100 people, at least one class member is a citizen of a state other than California, and there is over $5,000,000 at issue. None of the exceptions to CAFA applies. The Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, solicits consumers in this District, made and continues to direct the making of unwanted autodialed solicitation calls to consumers in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and telemarkets to this District, and because the wrongful conduct giving rise to this case occurred in and was directed to this District. Furthermore, Plaintiff resides in this District and received the calls in this District.

## COMMON FACTUAL ALLEGATIONS

9. Defendant is a company that claims to provide solar energy solutions to consumers, installing solar panels onto home roofs and structures.

10. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded

3

[solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11.   Yet in violation of this rule, Defendant fails to obtain any express written consent prior to making autodialed telemarketing calls to cellular telephone numbers.

12.   In placing the calls that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

13.   GCI admits to using an autodialer on its webpage. That is, on GCI's website, a disclaimer reads, "[b]y clicking here, I give GCI Solar permission to contact me at the phone number … I provide.  I understand that this contact may *include automated technology and/or pre-recorded messages.*" (emphasis added).[1]

14.    Also, a former employee of GCI lists on his LinkedIn page that one of his duties as "Confirmation/Appointment Setter" for GCI was to "[maintain] the dialer for [GCI] to generate more leads[,]" as shown in the screenshot below[2]:

---

[1] http://gcisolar.com
[2] https://www.linkedin.com/in/chris-kellis-04935692/



15. When placing these calls to consumers (who never requested to be called in the first place), Defendant failed to obtain prior express written consent as required by the TCPA from cellular telephone owners/users to make such calls.

16. There are numerous online complaints about Defendant's calling of consumers who never gave consent to be called using an autodialer or who were on the DNC. For example:

- These people ignored the Federal Trade Commission's 'Do Not Call List' and contacted me today trying to sell me a system. If they have no problems breaking Federal Laws, should you trust them? I wouldn't.[3]

- Continuing to call me even after I've asked them to stop multiple times.[4]

- … I have the same problem. I asked them to put my name on the do not call list and the sales rep began to tell and cuss at me.[5]

- I am on a do not call list and a very rude telemarketer starts calling me continually starting at 8 am. I have asked to be removed numerous times and only get called names before he hangs up. I am not sure how I ever got on their list to begin with. The calls better stop.[6]

- Stop calling my cell phone every flipping day, had to block you it is ridiculous Telemarketers call twice a day! If I wanted solar I would make a call. Not with this company! Stop bugging me![7]

17. At all times material to this Complaint, Defendant was and remains fully aware that unwanted autodialed telemarketing calls are being made to consumers' cellular telephones

---

[3] https://www.facebook.com/pg/GciSolar/reviews/?ref=page_internal.
[4] *Id.*
[5] *Id.*
[6] https://yelp.com/biz/gci-solar-huntington-beach.
[7] *Id.*

through its own efforts or those of its agents, and Defendant has knowingly authorized and/or accepted the benefits of such calls.

18. Defendant knowingly made (and continues to make) autodialed solicitation calls to cellular telephones without the prior express written consent of the call recipients.

19. Furthermore, Defendant calls consumers who are registered on the Do Not Call Registry. A consumer may be subjected to multiple unsolicited calls. In making these unlawful calls, Defendant has invaded the personal privacy of Plaintiff and members of the alleged Classes.

## FACTS SPECIFIC TO PLAINTIFF JUDITH BENKERT

20. On August 26, 2009, Plaintiff's cellular telephone number was registered on the National Do Not Call Registry.

21. In or around October of 2017, Plaintiff began receiving telemarketing calls on her cellular telephone from several telephone numbers owned and/or operated by Defendant, including but not limited to phone numbers (714) 799-3671 and (714) 362-3737.

22. When Plaintiff answered the calls from Defendant she noted that the call would be quickly dropped. She also noted that upon answering, she would hear "dead air."

23. For example, on December 18, 2017 Defendant called Plaintiff from telephone number (714) 362-3737 on her cellular telephone using an autodialer at 9:46 a.m. Frustrated about receiving so many calls, Plaintiff answered so she could ask Defendant to stop calling. However, when Plaintiff answered this call, the line immediately went dead.

24. GCI owns/operates and/or utilizes telephone numbers (714) 799-3671 and (714) 362-3737 among others to place solicitation calls to potential consumers.

25. GCI contacted or attempted to contact Plaintiff at the following dates and times, among other calls that were placed in October of 2017:

- October 25, 2017 at 10:56 a.m.;
- October 27, 2017 at 9:16 a.m.;
- November 1, 2017;
- November 6, 2017 at 10:04 a.m.;
- November 8, 2017 at 6:00 p.m.;
- November 17, 2017 at 11:12 a.m.;
- November 20, 2017 at 10:01 a.m.;
- December 13, 2017 at 9:46 a.m.;
- December 18, 2017 at 10:32 a.m.; and
- December 20, 2017 at 9:06 a.m.

26. Plaintiff does not have a relationship with GCI, nor any of its affiliated companies, nor has she ever requested that GCI place calls to her or consented to any contact from the Defendant.

27. Simply put, GCI did not obtain Plaintiff's prior express written consent to place a solicitation telephone call to her on her cellular telephone using an autodialer, and Plaintiff has no business relationship with GCI.

28. By making unauthorized autodialed telephone calls as alleged herein, GCI has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of her cellular telephone, caused wear and tear on the phone's hardware and consumed battery life and memory on Plaintiff's cellular telephone. They also required time to answer and ignore. In the present case, a consumer could be subjected to many unsolicited collection calls as GCI does not take care to ensure that the recipients of its autodialed solicitation calls have given their prior express written consent to be called, even those on the National Do Not Call Registry.

29.     Seeking redress for these injuries, Plaintiff, on behalf of herself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones.

30.     On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited autodialed telephone calling activities and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

## CLASS ALLEGATIONS

31.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Autodialed No Consent Class who: (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using the same equipment that was used to call Plaintiff, (4) for the same reason Defendant called Plaintiff's cellphone number, and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through the date notice is sent to the Autodialed No Consent Class: (1) Defendant (or a third person acting on behalf of Defendant) called at least twice on his/her cellular telephone within any 12-month period, (2) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days, (3) for the same purpose as the calls Defendant made to Plaintiff, and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

32.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors, (3)

8

Plaintiff's attorneys, (4) persons who properly execute and file a timely request for exclusion from the class, (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

33. **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed autodialed solicitation calls to thousands of consumers who fall into the definition of the Classes. Members of the Class can be easily identified through Defendant's records and/or the records of any third party agent who it retained to place the calls.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant utilized an automatic telephone dialing system to make its calls to members of the Classes;

   (c) whether Defendant systematically made multiple telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

   (d) whether Defendant made autodialed telephone calls to members of the Classes without first obtaining prior express written consent to make the calls; and

   (e) whether Defendant's calls were for telemarketing purposes.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no

defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and they have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

36.     **Appropriateness & Manageability**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227 *et seq.*)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

37.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

38.     Defendant made autodialed solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and other members of the Autodialed No Consent Class without first obtaining prior express written consent to receive such calls.

39. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i) a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

40. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

41. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

42. By making the unwanted solicitation telephone calls to Plaintiff and the Autodialed No Consent Class members' cellular telephones without their prior express consent, and by utilizing an autodialer to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

43. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed No Consent Class are each entitled statutory damages of $500.00 plus injunctive and declaratory relief and such other relief as the Court deems necessary, reasonable, and appropriate.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227 *et seq*.)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

44. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

45. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order. The July 3, 2003 Report and Order in turn provides:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[8]

48. 47 C.F.R. § 64.1200(d) further states that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive

---

[8] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

49. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, multiple telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who had their respective telephone numbers registered on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone

13

solicitations that is maintained by the federal government, for at least thirty (30) days. Defendant failed to scrub or compare its list of phone numbers against the National Do Not Call Registry. These consumers requested to not receive calls from telemarketers like Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

50. Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy for handling and processing do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

51. Defendant made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

52. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

53. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above, having had their phone numbers on the registry for at least 30 days. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47

U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

54. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

55. An award of actual monetary loss from such violations or statutory damages of five hundred dollars ($500.00) for each violation, whichever is greater, all to be paid into a common fund established for the benefit of the Plaintiff and the Class Members;

56. An order declaring that Defendant's actions, as set out above, violate the TCPA;

57. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

58. An order requiring Defendant to identify any third-party involved in the autodialing as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

59. An injunction requiring Defendant to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Classes;

60. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;;

61. An injunction prohibiting Defendant from conducting any future autodialing activities until it has established an internal Do Not Call List and agrees to follow the National Do Not Call Registry as required by the TCPA;

62. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

63. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**JUDITH BENKERT**, individually and on behalf of classes of similarly situated individuals

Dated: May 2, 2018

By: ___/s/ Steven L. Woodrow
One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
law@stefancoleman.com
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Phone: (877) 333-9427
Fax: (888) 498-8946

*Attorneys for Plaintiff and the putative Classes*